OPINION
{1} This an appeal from the judgment of the Union County Common Pleas Court which found Defendant-appellant, Floyd Neal Blake ("Blake"), guilty of gross sexual imposition and sentenced him to five years in prison.
{2} On August 19, 2002, Blake was indicted on four counts of rape and four counts of gross sexual imposition for allegedly having sexual contact and intercourse with his step-granddaughters, both under the age of thirteen, over a period of two years. On January 17, 2003, the State dismissed the two counts of rape and two counts of gross sexual imposition against the younger of the two girls as the State did not think that she was capable of testifying. On January 23, 2003, the State dismissed one count of rape and one count of gross sexual imposition as to the older of the girls. On January 23, 2003, in exchange for dismissing one count of rape, Blake pled guilty to one count of gross sexual imposition pursuant to R.C. 2907.05(A)(4).
{3} Following the preparation of a pre-sentence investigation report, Blake was sentenced to the maximum penalty of five years in prison. Blake now appeals asserting two assignments of error. We will discuss the second assignment of error first.
 Second Assignment of Error It was against the manifest weight of the evidence for the court tofind the defendant to be a sexual predator.
 {4} While Blake attempts to appeal a sexual predator classification, he filed his appeal from the March 5, 2003 sentencing entry which does not address any sexual predator classification. Moreover, we would note that Blake's sexual predator classification was not included in the entry of conviction as required by R.C. 2950.09. Accordingly, Blake's second assignment of error is overruled.
{5} Blake's first assignment of error asserts:
 First Assignment of Error It was error for the lower court to sentence the defendant to themaximum term of incarceration in violation of Senate Bill Two.
 {6} Trial courts are required "to make various findings before properly imposing a felony sentence." State v. Alberty (Mar. 28, 2000), Allen App. No. 1-99-84, 2000-Ohio-1671. The trial court's findings under R.C.2929.03, 2929.04, 2929.11, 2929.12, R.C. 2929.14 and 2929.19 in effect, determine a particular sentence, and a sentence unsupported by these findings is both incomplete and invalid. See State v. Martin (1999),136 Ohio App.3d 355, 1999-Ohio-814.
{7} This case involves a felony of the third degree which warrants a definite prison term of one, two, three, four or five years. The five year prison term imposed by the trial court clearly falls within this range. R.C. 2929.14(B) "mandates that when imposing a prison sentence upon an offender for a felony when the offender has not previously served a prison term, a court must impose the shortest prison term authorized for the offense unless the court finds on the record that the shortest prison term would demean the seriousness of the offender's conduct or would not adequately protect the public from future crime by the offender." State v. Jones (2001), 93 Ohio St.3d 391, 398.
{8} In the case sub judice, Blake had not previously served a prison term. Therefore, the trial court had to make the requisite findings in order to impose a sentence in excess of one year. Here, the trial court found after considering the statement of the prosecuting attorney, victim impact statement, statements of the father of the victim, and statements of defense counsel and the defendant, that the shortest prison term would demean the seriousness of the conduct and would not adequately protect the public.
{9} However, not only did the court impose a sentence in excess of the shortest period permitted, it imposed the maximum sentence for this offense, five years. Ohio law also provides that "a trial court is obligated to make certain findings prior to sentencing a defendant to a maximum sentence." Martin, 136 Ohio App.3d at 361. R.C. 2929.14(C)states, in relevant part: "Except as provided in division (G) of this section or in Chapter 2925 of the Revised Code, the court imposing a sentence upon an offender for a felony may impose the longest prison term authorized for the offense pursuant to division (A) of this section only upon offenders who committed the worst forms of the offense, [and] upon offenders who pose the greatest likelihood of committing future crimes[.]" Furthermore, R.C. 2929.19(B)(2)(d) provides that a sentencingcourt must state reasons on the record for sentencing an offender to themaximum term as listed in R.C. 2929.14(C). State v. Edmondson (1999),86 Ohio St.3d 324, 715 N.E.2d 131. * * * R.C. 2929.19(B)(2)(d) does notrequire the trial court to recite a boilerplate analysis for finding theworst form of the offense, but rather it requires that the court providea "factual explanation setting forth the basis for those findings." Statev. Schmidt (Feb. 6, 2002), Mercer App. No. 10-01-10. State v. Phillips,
Wyandot App. No. 16-02-05, 2002-Ohio-3395, ¶¶ 8, 10.
{10} In this case, the trial court failed to state that Blake committed either the worst forms of the offense or posed the greatest likelihood of committing future crimes and failed to state the reasons for making such findings as required by R.C. 2929.14 and 2929.19. Moreover, we would note that the trial court's sentencing worksheet attached to the entry of sentencing mistakenly reflects that oral findings for a maximum sentence were not necessary in this case. Consequently, the trial court erred as a matter of law when it sentenced Blake to the maximum sentence and Blake's first assignment of error is sustained.
{11} Based on the foregoing, the judgment of the trial court is reversed and remanded for further proceedings in accordance with this opinion.
Judgment reversed.
BRYANT, P.J. and CUPP, J., concur.